Hines, J.
The plaintiff, Larry White, brought this action claiming that the defendant, Victoria Chandler, wrongfully interfered with an advantageous contractual relationship with his employer, Budget Rent-A-Car. Defendant was a customer at the Budget Rent-A-Car counter when the plaintiff who was working the counter uttered the statement “Bring on the next Christian.” Defendant who is Jewish was offended by the statement. An attorney acting on her behalf wrote a letter of complaint to Budget Rent-A-Car demanding plaintiffs termination and threatening to file a complaint with the Massachusetts Commission Against Discrimination (“MCAD”). Defendant filed this motion for summary judgment on the ground that the letter is subject to the “litigation privilege” and that as such, it is inadmissible as evidence in this case. Chandler argues that without the letter, which is the only act alleged to constitute the intentional interference with advantageous contractual relations, White has no reasonable expectation of proving his claim.
As a threshold matter, it is not entirely clear that Chandler can claim the benefit of the “litigation privilege.” Neither party addresses the issue. It appears, however, that the “litigation privilege” may not apply because it is intended for the benefit of attorneys who make statements in connection with judicial proceedings. See Sriberg v. Raymond, 370 Mass. 105 (1970) (“An attorney ... is absolutely privileged to publish false and defamatory matter of another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of a judicial proceeding in which he participates as counsel, if it has some relation thereto”). Id. at 108 (citation omitted) (emphasis supplied).
Assuming for the sake of argument the applicability of the “litigation privilege” in the circumstances of this case, summary judgment still would not be appropriate. Although defendant’s argument is not without force, the key fact underlying the claim of a “litigation privilege” is disputed by the parties. Chandler’s assertion that the “litigation privilege” attaches to the letter depends on a showing that the communication relates to a judicial proceeding which is contemplated in good faith and is under serious consideration. Id. at 108. Though his effort to establish a genuine issue of material fact is only minimally adequate, White’s assertion that the letter does not expressly or unequivocally indicate Chandler’s intent to initiate judicial action meets his burden on this motion. In this regard, the letter pointedly notes that Chandler does not seek monetary damages, an available remedy for discrimination. See G.L.c. 15 IB, §5. Nor does the letter suggest Chandler’s intent to institute judicial action. On the other hand, it is not necessary to demand monetary damages where equitable relief alone is available as a remedy in a discrimination claim. See G.L.c. 151B, §§5, 9. In addition, notice of an intent to refer the matter to the MCAD might be sufficient to establish that Chandler contemplated litigation. The filing of a complaint in the MCAD is a jurisdictional prerequisite to an action in the Superior Court. See G.L.c. 15IB, §9.
Because defendant has not established that the “litigation privilege” is applicable to her and because the vitality of the legal assertion underlying Chandler’s motion for summary judgment depends on the resolution of disputed facts, the motion for summary judgment is DENIED.